1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### WASHINGTON, DC
#### (Civil Division)

CHARLES AWUSIN INKO-TARIAH.      )
1203½ OTIS STREET, NE (CMH).      )
*P. O. BOX 29074.                )
WASHINGTON, DC 20017.            )
Email: charles.inko.tariah12@gmail.com)
(202) 855-3530.                 )
           Plaintiff.     )
                          )
    vs.                      )
                          )
CAPITAL ONE ARENA.              )
(Monumental Sports and Entertainment) )
601 F Street, NW                )
Washington, DC 20004            )
(202) 628-3200                  )
           Defendant      )

Case: 1:24−cv−02928 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 10/17/2024
Description: Pro Se Gen. Civ. (F−DECK)

Case No_____

**JURY DEMAND**

---

## DISABILITY DISCRIMINATION - JUMBOTRON CAPTIONING DENIAL (WWE) 11/13/2023

1) Comes now Plaintiff Charles Awusin Inko-Tariah, (***Deaf/Partially Blind***), pro-se proceeding In Forma Pauperis moves the honorable court to hold the defendant Capital One Arena and their principal (Monumental Sports and Entertainment) liable for violating the American with Disability Act 1990 Law, Section 504 of the Rehabilitation Act and DC Law Code Section 7-1002(a) and Section 1403.16(a) for denying him the opportunity to enjoy ***"Rumbling of the Ragamuffin Flying Cat World Wrestling Entertainment (WWE) Event"*** held on Capital One Arena indoor stadium on 11/13/2023 by refusing to activate the Jumbotron captioning despite their own pamphlet hinting at captioning availability (EXHIBIT # 3).

2) Plaintiff was ejected from the arena by the security police in lieu of accommodating his request by Judith (Office of Accessible Seating) (EXHIBIT #6) in the presence of two ASL Interpreter witnesses 1) **Alexa** (white female) and 2) **Qavier** (Black male) both of Joyful Signing, LLC, Accokeek, MD. Plaintiff has contacted the U.S Department of Justice, Civil Rights Division, (EXHIBIT # 2), American Lawyers Committee, Disability Rights DC, (EXHIBIT # 7), National Association of the Deaf Law Center, DC Pro-Bono lawyers and a couple of other local legal

RECEIVED

OCT 17

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

clinics for assistance in representing him to no avail, So Plaintiff is proceeding to represent himself pro-se before the 1 year DC statute of limitation expires on 11/12/2024. Pro-se representation is held to a less stringent standard than one drafted by an attorney (**Erickson v Pardus, 551 U.S 89 (2007)**).

## PARTIES

1) Plaintiff Charles Awusin Inko-Tariah is a qualified individual with a disability *(Deaf, Speech-Impaired and Partially Blind)* residing at 1203½ Otis Street, NE, (CMH) Washington, DC 20017. He is protected by the American with Disabilities Act Law 1990.

2) Defendant Capital One Arena (Monumental Sports and Entertainment) is an entertainment franchise incorporated in the District of Columbia whose physical business address is 601 F Street, NW, Washington, DC 20004.

## JURISDICTION

This court has jurisdiction on the case as it involves violation of the Federal Law - Americans with Disabilities Act 1990. Pro se representation is held to a less stringent standard than one done by an attorney 28 U.S.C Sec. 1654. *"**In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.**"* The Supreme Court noted that *"**[I]n the Federal Courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel.**"*

## BACKGROUND

A couple of days prior to the event on 11/13/2023 the plaintiff attempted to buy the $26.53 ticket via online ticketmaster twice (EXHIBIT #4a and EXHIBIT #4b) **Order #59268747** and asked for reasonable accommodation (Jumbotron captioning). Upon learning of his disability they

stonewalled. On the day of the WWE event 11/13/2023 Plaintiff arrived at the Capital One Arena indoor and queued up for an hour at ticket security gate and was harangued by security officials for 30 minutes asking for his ticked on iphone before being ushered to meet **Judith**, (Office of Accessible Seating) by a black male security staff **"QUAN"**. When plaintiff asked **Judith** that the captioning be activated for his disability (***DEAF/BLIND***) as other disabled people in wheelchairs and down syndrome were accommodated. After buying a ticket for **$44.59** she immediately refunded his money (EXHIBIT #5) and unwittingly handed him a brochure indicating captioning availability (EXHIBIT # 3). When plaintiff insisted and passionately argued that the ADA Law 1990 mandates reasonable accommodation for Deaf or Hearing Impaired patrons she called in security to evict him from the indoor stadium 30 minutes before the event started in the presence of two interpreter witnesses 1) **Alexa** (white female) and 2) **Qavier** (Black male) of Joyful Signing, Accokeek, MD.

Plaintiffs state a claim under the DC Code Law 7-1002 and Section 1403.16(a), Title II and **Title III of the Americans with Disabilities Act Law 1990** and Section 504 of the Rehabilitation Act 1973 which states that people with physical or mental disabilities have a right to equal access to public accommodations and conveyances.

## STATEMENT OF CLAIM

DC Code Law 7-1002 states:

(a) Persons with physical and mental disabilities are entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation in the District of Columbia, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited in the District of Columbia, subject only to the conditions and limitations established by law or in accordance with law applicable alike to all persons."

(b) Title II of The American with Disabilities Act (ADA) prohibits discrimination against people with disabilities in several areas, including employment, transportation, public accommodations, communications and access to state and local government' programs

and services. The five things that the American with Disabilities Act covered are: Physical or mental impairments include but are not limited to: visual, speech, and hearing impairments; mental retardation and emotional illness.

7) To be protected by the ADA, one must have a disability or have a relationship or association with an individual with a disability. An individual with a disability is defined by the ADA as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. The ADA does not specifically name all of the impairments that are covered.

8) Title II covers all activities of State and local government regardless of the government entity's size or receipt of Federal funding. Title II requires that State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public education, employment, transportation, recreation, health care, social services, courts, voting, and town meetings).

9) In a unanimous decision on March 21st, 2023, the Supreme Court ruled that a deaf student can pursue a lawsuit against his school district under Title II of the Americans with Disabilities Act (ADA). The case, **_Perez v. Sturgis Public Schools, 598 U.S _____ (2023) No. 21-887_** have important implications for students with disabilities - and for school districts that ignore accessibility. In other words, digital accessibility lawsuits may still proceed, regardless of whether the school district resolves accessibility barriers as part of IDEA's administrative procedures. Additionally Title II of the ADA prohibits public institutions from discriminating against individuals with disabilities - and digital barriers can be just as impactful as physical barriers.

10) State and local governments are required to follow specific architectural standards in the new construction and alteration of their buildings. They also must relocate programs or otherwise provide access in inaccessible older buildings, and communicate effectively with people who have **_hearing, vision, or speech disabilities._** Public entities are not required to take actions that would result in undue financial and administrative burdens. They are required to make reasonable modifications to policies, practices, and procedures where necessary to avoid

discrimination, unless they can demonstrate that doing so would fundamentally alter the nature of the service, program, or activity being provided

11) Title III Regulations under the ADA are meant to ensure that people with disabilities can fully participate in all aspects of life. Under Title III, almost all types of businesses that serve the public, regardless of their size or the age of their buildings, must follow the ADA.

Title III of the American with Disabilities Act ("ADA") has clear mandates prohibiting such entities like defendant Capital One Arena and its principal (Monumental Sports and Entertainment) from discriminating against an individual on the basis of disability in the full and equal enjoyment of the entity's goods, services, facilities, privileges, advantages, or accommodations. *See* Americans with Disabilities tit. 3, 42 U.S.C Sub-SEc. 12181-12189 (2020). Title III of the ADA applies to all "*places of public accommodation*" and "*any person who owns, leases (or leases to), or operates a place of public accommodation."* 42 U.S.C Sec. 12187(7).

Title III of the ADA requires that covered entities provide access to aural information on indoor stadiums such as Jumbotron captioning. Captions and subtitles ensure that such aural information is accessible to deaf or hard of hearing individuals. **Places of public accommodations must, upon request, turn on the closed captioning on any television or Jumbotron on indoor stadium that is in use during regular hours in any public area**. See 42 U.S.C Section 12132; 28 C.F.R Section 36.303 (b)(1). Plaintiff has established a prima facie violation of Title III of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.S Section 794 provides that no otherwise qualified handicapped person shall solely by reason of his handicap, be subjected to discrimination under any program receiving federal financial assistance.

12) Section 504 of the Rehabilitation Act 1973 forbids organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program benefits and services. While section 504 applies only to entities receiving federal financial assistance, the ADA covers all state and local governments, including those that receive no federal financial assistance. The ADA also applies to private businesses that meet the ADA's definition of "public accommodation" (restaurants, hotels, movie theaters, and doctors' offices are just a few examples), commercial facilities (such as office buildings, factories, and warehouses), and many private employers.

13) While the ADA has five separate titles, Title II is the section specifically applicable to "public entities" (state and local governments) and the programs, services, and activities they deliver. Title III, which this rule addresses, prohibits discrimination on the basis of disability in the activities of places of public accommodation (businesses that are generally open to the public and that fall into one of 12 categories listed in the ADA, such as restaurants, movie theaters, schools, day care facilities, recreation facilities, and doctor's offices) and requires newly constructed or altered places of public accommodation - as well as commercial facilities (privately owned, nonresidential facilities such as factories, warehouses, or office buildings) - to comply with the ADA Standards. 42 U.S.C. 12181-89.

## **RELIEF SOUGHT**

14) In an earlier case Charles Awusin Inko-Tariah v Capital One Arena 1:22-cv-02802-APM (Metha) Document 22 Filed 02/14/23, Page 7 Defendant Lawyer **Brandon R. Mita** argued in support of their motion to dismiss Plaintiff's Complaint: (attached). *(EXHIBIT #8)*

C. **Nothing in Plaintiff's Complaint or Opposition Demonstrates a Likelihood of Future Harm or Standing to Seek Injunctive Relief.**

**"While Plaintiff may seek injunctive relief, he cannot succeed in demonstrating that he is entitled to the same. Both Plaintiff's Complaint and his Opposition fail to set forth any allegations showing a likelihood of future harm or that he will be wronged again. As a result, Plaintiff cannot establish standing for injunctive relief under Title III of the ADA. *See Jefferson*, 249 F. Supp. 3d at 81. Again, the Supreme Court has indicated that concrete plans or a specific of when the eventual return will be necessary to demonstrate actual or imminent injury. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 564 (1992). Because the Plaintiff's Complaint and Opposition fails to show any indication that he will suffer any future violations of his rights at the Capital One Arena, he lacks proper standing to bring these claims and this Court should dismiss them in their entirety."**

15) WHEREFORE, Plaintiff Inko-Tariah has demonstrated that the defendant Capital One Arena (Monumental Sports and Entertainment) has repeatedly discriminated against him in January 2, 2022 hockey games but prevailed on the above argument and now discriminated against him

again on November 13, 2023 WWE Event by refusing to provide reasonable accommodation (activate the Jumbotron captioning upon request during exciting WWE event 11/13/2023) despite their own pamphlet indicating captioning availability (EXHIBIT #3) in violation of Title III of the ADA 1990 Law and Supreme Court precedent ruling in **_Perez v Sturgis Public Schools_**. As a result he was excluded from the program and all activities in the Capital One Arena in the past 12 months. Plaintiff Inko-Tariah seeks court order on defendant Capital One Arena (Monumental Sports and Entertainment) to comply with the ADA law 1990 and provide reasonable accommodation (Jumbotron captioning upon request by Deaf/Hearing Impaired patrons) in the  near future  as well as pay the legal cost - including 12 months of legal research and case development as well as living expenses eighty six thousand four hundred dollars ($86,400) at a cost of $30.00 an hour for 8 hours a day for over 12 months. Investment in quality education does not come cheap especially for Deaf/Hearing Impaired people.

Respectfully submitted this 17th day of October 2024.

Charles Awusin Inko-Tariah, pro-se
**(DeafBlind 99% Self-Educated Former Bank Clerk-Typist, Poet, Author and Publisher)**
1203½ Otis Street, NE (CMH)
*P. O. Box 29074
Washington, DC 20017
Email: charles.inko.tariah12@gmail.com
(202) 855-3530 (Direct Line iPhone)
(202) 235-2832 (Video Phone iPad)