**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES AWUSIN INKO-TARIAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-cv-02928 (APM) |
| | ) |
| CAPITAL ONE ARENA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Pro se Plaintiff Charles Awusin Inko-Tariah asserts claims of disability discrimination against Capital One Arena and parent company Monumental Sports and Entertainment after attending a wrestling event in November 2023.  Defendant has moved to dismiss for failure to state a claim.  For the reasons explained below, the motion will be granted.

**II.    BACKGROUND**[1]

Plaintiff is deaf, speech impaired, and partially blind.  On November 13, 2023, Plaintiff purchased a ticket for $44.59 to attend the "Rumbling of the Ragamuffin Flying Cat World Wrestling Entertainment (WWE) Event" at Capital One Arena.  He was "ushered" to the Office of Accessible Seating after inquiring about Jumbotron TV captioning to accommodate his disability. The Office "immediately refunded" Plaintiff's money but "unwittingly handed him a brochure indicating captioning availability."  Compl. ¶ 5, ECF No. 1 (citing Exs. 3 and 5).  When Plaintiff "insisted and passionately argued that the ADA Law 1990 mandates reasonable accommodation

---

[1]   For current purposes, Plaintiff's factual allegations are accepted as true.

for Deaf or Hearing Impaired patrons," security officers were called to "evict" him "from the indoor stadium 30 minutes before the event started in the presence of two interpreter witnesses[.]" *Id*.

The next day, on November 14, 2023, Plaintiff submitted a complaint to the Department of Justice's Civil Rights Division about the WWE event. He stated that "Judith" in Capital One's Office of Accessible Seating told him that the Jumbotron closed captioning service was not "available and claimed that they will provide ASL interpreter for the game," to which he "objected" because his "knowledge of ASL is limited 75% not 100% for it is imprecise and abstruse." Compl. Ex. 2, ECF No. 1-2, at 9. "Judith then refunded" Plaintiff's "ticket and claimed that WWE is not a sport unlike football, basketball, hockey requiring Jumbotron captioning[.]" *Id*. at 9-10. The Civil Rights Division declined "to take any further action" on Plaintiff's complaint. *Id*. at 11.

Nearly one month later, on December 12, 2023, Plaintiff lodged a disability discrimination complaint with the D.C. Office of Human Rights ("OHR") about the WWE event. OHR dismissed the complaint for failure to state a claim. It explained that "in alignment with" Capital One's ADA accessibility policy, the arena provided Plaintiff "two personal ASL interpreters for the event" and "also provides special seating" to deaf or hard of hearing individuals and "captioning services via mobile phone or through use of an electronic device provided by the area." OHR found it "reasonable to assume the additional accommodations were at least offered" to Plaintiff. Compl. Ex. 1, ECF No. 1-2 at 3.

In addition to DOJ and OHR, Plaintiff contacted several legal organizations to no avail. Compl. ¶ 2. So, on October 17, 2024, he filed the instant complaint captioned: Disability Discrimination – Jumbotron Captioning Denial (WWE) 11/13/2023. Plaintiff asserts claims under

Titles II and III of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, the D.C. Human Rights Act, D.C. Code § 2-1402.31, and D.C. Code § 7-1002. He seeks (1) a court order compelling Defendant's compliance with the ADA by providing "Jumbotron captioning upon request by Deaf/Hearing Impaired patrons in the near future," (2) an award of $86,400 for "living expenses," and (3) litigation costs.  Compl. at 7.

## III.    LEGAL STANDARD

Defendant's motion to dismiss for failure to state a claim upon which relief can be granted arises under Federal Rule of Civil Procedure 12(b)(6).  To survive such a motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (citing *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs*., 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth*., 791 F.3d 65, 68 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of

all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). However, the court need not accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). When performing the "context-specific task" of deciding whether a plausible claim has been stated, a court must "draw on its judicial experience and common sense[.]" *Iqbal*, 556 U.S. at 679. The court may consider documents attached to or incorporated by reference in the complaint without converting the motion into one for summary judgment. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015); *see* Fed. R. Civ. P. 12(d).

## IV.    DISCUSSION[2]

As a threshold matter, Defendant argues that Plaintiff lacks standing to pursue injunctive relief. Mem. at 18-20, ECF No. 10-1. Because "a showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction," *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (cleaned up), the court will address this ground first. *See Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012) ("[E]very federal court has a 'special obligation to satisfy itself' of its own jurisdiction before addressing the merits of any dispute.").

---

[2]    Capital One Arena is not a "public entity" subject to suit under Title II of the ADA, 42 U.S.C. §§ 12131(1), 12132, and Plaintiff has not sued for "the right to be accompanied by a service animal" in a public space, D.C. Code § 7-1002(b). Therefore, the court confines its discussion to the claims brought under Title III of the ADA, Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act which applies "in the same manner as the parallel federal antidiscrimination provisions." *Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Engineers, P.C.*, 950 F. Supp. 393, 405 (D.D.C. 1996) (collecting cases).

### A.       Standing

The party invoking standing "bears the burden of showing that he has standing for each type of relief sought."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  To satisfy the "irreducible constitutional minimum of standing," a litigant must demonstrate that (1) he has suffered an injury in fact—the invasion of a legally protected interest; (2) the injury is fairly traceable to the defendant's challenged conduct (a causal connection); and (3) a favorable decision on the merits likely will redress the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The injury must be concrete and particularized and actual or imminent, not conjectural, hypothetical, or speculative.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016).  "This set of criteria implements Article III by limiting judicial intervention to only those disputes between adverse parties that are 'in a form . . . capable of judicial resolution.'"  *Fla. Audubon Soc'y*, 94 F.3d at 663 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218 (1974)).

When, as here, a plaintiff seeks injunctive relief, "[t]he standing requirement . . . 'cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again.'"  *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 81 (D.D.C. 2017) (citation omitted).  "[H]arm in the past . . . is not enough to establish a present controversy, or in terms of standing, an injury in fact." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003).  Stated another way, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998).

Defendant contends that Plaintiff lacks standing to seek injunctive relief because he alleges no plausible facts establishing his intent to return to Capital One Arena for a future event. Def.'s Mem. at 19–20. Plaintiff has not addressed Defendant's standing argument. *See generally* Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 14; Pl.'s Surreply, ECF No. 17. The court agrees that Plaintiff has not alleged "a real and immediate" threat of future harm. Therefore, the claim for injunctive relief is dismissed for want of standing.[3]

### B.    Failure to State Claims for Monetary Relief

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). It is established that "[p]rivate parties bringing suit under Title III of the ADA are limited exclusively to injunctive relief." *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 80 (D.D.C. 2017); *see also* 42 U.S.C.A. § 12188(a) (cross-referencing "section 2000a-3(a)" as providing the applicable remedies and procedures for a violation of Title III of the ADA); *Am. Bus Ass'n v. Slater*, 231 F.3d 1, 5 (D.C. Cir. 2000) ("The remedies set forth in 42 U.S.C. 2000a–3(a) . . . do not include money damages."); *Reeves v. MV Transp., Inc.*, 845 F. Supp. 2d 104, 107 (D.D.C. 2012) ("[O]nly injunctive relief is available for violations of Title III." (internal quotation marks omitted)). In addition, the Supreme Court has held that neither punitive damages nor damages for emotional distress are recoverable in private suits under the Rehabilitation Act. *See Cummings v.*

---

[3]    In addition to lacking standing, Plaintiff as a pro se party cannot secure the sweeping injunction he seeks for all other "Deaf/Hearing Impair[ed]" patrons. Compl. at 7. *See* 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by [licensed] counsel"); *cf. DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("a pro se litigant who is not trained as a lawyer is simply not an adequate class representative") (citing cases).

*Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022) (examining *Barnes v. Gorman*, 536 U.S. 181 (2002)). Compensatory damages are recoverable under Section 504 of the Rehabilitation Act for "intentional" discriminatory acts. *Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 278 (D.D.C. 2015).

To the extent Plaintiff seeks compensatory damages for living expenses and litigation costs, he states no claim for relief. Section 504 provides in relevant part that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of* her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). "Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance because it sought to impose § 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds." *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986).

Plaintiff alleges no facts from which to draw a plausible inference that Defendant receives federal financial assistance. In addition, his allegations and supporting documents, *see supra* at 1-2, belie disability as the *sole* reason for the exclusion. Lastly, Plaintiff has pleaded himself out of court. That he was ushered to the Office of Accessible Seating to discuss his accommodation request, provided the assistance of two ASL interpreters, and offered plausible alternatives to his preferred non-functioning accommodation rules out intentional discrimination evinced by "deliberate indifference." *Pierce*, 128 F. Supp. 3d at 278 (adopting legal standard of the "majority of circuits" that have considered the issue); *see accord A. J. T. by and through A. T. v. Osseo Area Schools, Independent School District No. 279*, 145 S. Ct. 1647, 1655 (2025) (holding that Rehabilitation Act and Title II ADA claims "based on educational services should be subject to

the same" deliberate indifference standard "that appl[ies] in other disability discrimination contexts").

For the foregoing reasons, Defendant's motion to dismiss is granted.  A separate order of dismissal accompanies this Memorandum Opinion.

Dated: March 10, 2026

Amit P. Mehta
United States District Judge